UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

vs.                                                   CRIMINAL ACTION NO. 3:17CR124-CHB

SCOTT LOUIS CRAVEN                                                                        DEFENDANT

*Electronically filed*
**SENTENCING MEMORANDUM**

Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and files its memorandum in support of sentencing in this action currently scheduled for September 24, 2018.

## I. Factual Background

Law enforcement officials became aware of Craven's criminal conduct while conducting an online undercover investigation. During April 2017, an investigator with the Kentucky Attorney General's Office – Department of Criminal Investigations conducted an online undercover investigation. During that investigation, the investigator (in his undercover capacity), was contacted by Craven while both were using the social media platform KIK. The investigator identified himself as a 15-year-old girl from Louisville. During the online conversations, particularly on April 28, 2017, Craven sent the undercover naked images of himself as well as sexually graphic videos. Craven used a facility or means of interstate commerce to transfer the obscene material to someone he believed was under the age of 16.

## II. Crime of Conviction

A federal grand jury sitting in Bowling Green, Kentucky, returned a two-count Indictment against Craven. The Indictment charged him with attempted online enticement – in violation of

18 U.S.C. § 2422(b) and attempted distribution of obscene material to a person under the age of 16 – in violation of 18 U.S.C. § 1470. Craven pled guilty to the § 1470 charge *via* a Fed. R. Crim. P. 11(c)(1)(A) and (C) written Plea Agreement. The Plea Agreement calls for dismissal of the § 2422(b) charge.

### III.  Sentencing Guidelines calculations

The United States has no objection to the Guideline calculations set out in the presentence investigation report (PSR).

### IV.  Criminal History

As noted in the Addendum, the parties anticipated a Criminal History Category II when negotiating the Plea Agreement. However, the United States concurs with the criminal history calculation as set out in the PSR.

### V,  Statutory Factors

#### A.  Minimum and maximum penalties

The crime of conviction does not involve a mandatory minimum term of imprisonment. The maximum potential penalties for violating 18 U.S.C. § 1470 are not more than 10 years in prison, a fine of $250,000.00, and Supervised Release of at least five years and could be up to any number of years, including life.

#### B.  18 U.S.C. § 3553(a) factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). The recommended Guideline range for an offense level 20 and Criminal History Category II is 37-46 months. The Plea Agreement calls for imposition of a 48-month term of imprisonment followed by 20 years of Supervised Release. As noted above, the parties anticipated a higher Criminal History score. Nevertheless, the slightly higher than Guideline sentence (*i.e.*, two months more than the high-

end of he recommended range), is appropriate. For the reasons set out below, the recommended sentence meets the statutory factors in § 3553(a). Additionally, due to the nature of Craven's criminal history and the dismissal of Count 1 – the 48-month term of imprisonment is warranted.

Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
>> . . .
>
> (5) any pertinent policy statement--
>> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Craven stands convicted of a serious offense involving the attempted sexual exploitation of a child. He transmitted sexually explicit images of himself and a graphic video while talking

to what he believed was a 15-year-old about getting together to engage in sexual activity. However, the Court must also consider the history and characteristics of the defendant. Craven has a history of alcohol-related misdemeanor convictions as well as a misdemeanor conviction for violating an EPO/DVO. He does not have any prior felony convictions.

The sentence set out in the Plea Agreement reflects the seriousness of the offense, promotes respect for the law and provides just punishment. It serves as a deterrent to both Craven and others who may contemplate similar conduct. The combined sentence of imprisonment and lengthy post-release supervision protect the public from further crimes of the defendant. It also provides a meaningful period of time for sex offender treatment and other forms of treatment/training to meet Craven's specific needs. The sentence also does not run afoul of the need to avoid sentencing disparities.

Restitution is not at issue in the case at bar.

## CONCLUSION

For the reasons set forth more fully herein, the United States respectfully requests the Court to accept the Plea Agreement and impose a sentence of 48 months' imprisonment, followed by a 20-year term of Supervised Release.

    Respectfully submitted,

    RUSSELL M. COLEMAN
    United States Attorney

    /s/ *Jo E. Lawless*
    Jo E. Lawless
    Assistant United States Attorney
    717 West Broadway
    Louisville, Kentucky 40202
    (502) 625-7065
    Fax (502) 582-5097

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent *via* the Court's ECF system to defense counsel on September 18, 2018.

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney